IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:07-CR-380-D |
| | § | |
| LONNIE OLIVER, JR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver") moves for reconsideration of bail, challenging the magistrate judge's November 19, 2007 detention order. The court construes this motion as one seeking revocation or amendment of the order under 18 U.S.C. § 3145(b). Following *de novo* review of the digital recording of the November 16, 2007 detention hearing,[1] the court finds by clear and convincing evidence[2] that no condition or combination of

---

[1] "When the district court, pursuant to 18 U.S.C. § 3145(b), acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts *de novo* and makes an independent determination of the proper pretrial detention conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985). Listening to a recording of the detention hearing is an appropriate procedure to comply with that obligation. *See, e.g., United States v. Farguson*, 721 F. Supp. 128, 129 n.1 (N.D. Tex. 1989) (Fitzwater, J.).

[2] The court applies a clear and convincing evidence standard in determining that no condition or combination of conditions will reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").

conditions will reasonably assure the safety of the community if Oliver is released on bond.[3] The court therefore denies Oliver's motion and orders him detained pursuant to 18 U.S.C. § 3142(e).

I

Oliver is charged by indictment with the offenses of conspiracy to commit mail fraud, mail fraud, aggravated identity theft, and theft of public money, in violation of 18 U.S.C. §§ 1349, 1341, 1028A(a)(1), and 641. On November 16, 2007 Oliver appeared for a preliminary examination and a detention hearing. The government's witness, a special agent for the U.S. Department of Labor who investigated Oliver's case, provided clear and convincing evidence that Oliver committed the offenses, as alleged. She described in detail how government investigators linked to the defendant 62 fraudulent claims with the Texas Workforce Commission ("TWC") involving identify theft. She also testified that, after Oliver was arrested, he admitted committing the offenses. At the conclusion of the hearing, Oliver's counsel conceded that there was probable cause that Oliver committed the offenses charged, but he contended that Oliver was neither a flight risk nor a danger to the community.

---

[3]Because the court is ordering Oliver detained on this basis, it need not decide whether he is a flight risk. *See Fortna*, 769 F.2d at 249 ("[T]he lack of reasonable assurance of *either* the Defendant's appearance *or* the safety of others or the community is sufficient [to detain a defendant without bond]; both are not required.").

II

A

Oliver has an extensive criminal history. He has pleaded guilty to nine criminal offenses over the past 20 years and has been found guilty on another. Four were state felony offenses, and three were federal felony offenses. There are charges pending against him in state court for giving false identification. His term of supervised release on one charge was revoked, and his probation has been revoked in another case. The agent testified that on November 5, 2007, during the week before the detention hearing, Oliver was arrested for public intoxication. She also testified that, when Oliver admitted having submitted false claims to the TWC and committed identify theft, he acknowledged that he had known for some time that he was being surveilled by government agents. The fact that Oliver persisted in engaging in criminal conduct after he was aware that he was under surveillance indicates that he would pose a danger to the community if released on bond.

These facts were established during the detention hearing, and they demonstrate in their totality that, if released on bond, Oliver poses a risk to the safety of the community. The court therefore finds based on clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Oliver is released on bond.

B

In his motion for reconsideration of bail, Oliver requests a new detention hearing. "The court need not, of course, conduct a secondary evidentiary hearing in the absence of newly developed evidence not presented at the prior hearing." *Farguson*, 721 F. Supp. at 129 n.1. (citing *United States v. Baker*, 703 F. Supp. 34, 36 (N.D. Tex. 1989) (Fish, J.)). Oliver contends that a new hearing would show that a third-party custodian is now available. But while the availability of a third-party custodian may affect whether Oliver poses a danger to the community, it is a factor that is more relevant to the determination whether Oliver poses a flight risk. The court concludes that the availability of a third-party custodian would not change its finding that Oliver poses a risk of danger to the safety of the community.

Similarly, Oliver argues that the agent incorrectly insinuated during her testimony that Oliver has been unemployed for the past three years, and he posits that a new hearing would establish his employment during this time. But Oliver's employment or lack of employment during the past few years likewise does not alter the court's finding that Oliver poses a danger to the safety of the community. Despite any employment he might have held, he has committed several felonies.

Oliver also contends that a new hearing would allow him to rebut testimony that he was driving while intoxicated on the day he

was arrested on November 5, 2007 for public intoxication. Because the court need not rely on this testimony to find that Oliver poses a danger to the safety of the community, it need not convene a second detention hearing to consider this evidence.

Finally, Oliver maintains that the detention hearing testimony gave the impression that he has been in prison for a longer period than he actually has. The court is not basing its finding on the length of Oliver's incarceration. Oliver did not challenge at the hearing, nor does he question now, the components of his criminal history that are recited above. Testimony clarifying how much time Oliver actually spent in prison will not change the court's ultimate determination.

Moreover, Oliver has failed to explain why any of the proposed evidence was unavailable at the time of the November 16, 2007 detention hearing. The court therefore denies defendant's request for a new detention hearing.

## III

Accordingly, the court denies Oliver's motion for reconsideration of bail. The court orders that Oliver be held without bond pending the trial of this action as follows. He is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. He is to be afforded reasonable opportunity for

private consultation with his counsel. By order of this court, to be issued in the future, the person in charge of the corrections facility in which Oliver is to be confined is to deliver him to a United States Marshal for the purpose of appearing in connection with any court proceeding.

* * *

Oliver's December 18, 2007 motion for reconsideration of bail is denied.

**SO ORDERED.**

December 21, 2007.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE