```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                         DALLAS DIVISION
```

UNITED STATES OF AMERICA,       §
                                §
            Plaintiff,          §
                                §
VS.                             §   Criminal No. 3:07-CR-380-D
                                §
LONNIE OLIVER, JR.,             §
                                §
            Defendant.          §

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver") has filed various pretrial motions, some through his former appointed counsel, and some *pro se*.[1] Although the *pro se* motions are untimely, the court in its discretion will decide them. Oliver is not entitled, however, to file other untimely motions without first moving for and obtaining leave of court to do so.

I

*Motion to Sever Pursuant to Rule 14*

Oliver moves to sever his trial from that of his codefendants.

---

[1] The motions that the court decides are: (1) March 4, 2008 motion for discovery and inspection; (2) March 4, 2008 motion for *Brady* and *Giglio* material; (3) March 4, 2008 motion for notice of intent to introduce Rule 404(b) evidence of other crimes, wrongs, or acts; (4) June 17, 2008 motion to sever trial; (5) June 17, 2008 motion to strike portions of the indictment; (6) June 17, 2008 motion to disclose grand jury proceeding; (7) June 17, 2008 motion to produce for inspection; and (8) June 17, 2008 motion to produce Rule 26.2 witness statements. The motions filed in March were submitted by his former counsel. Oliver filed the motions in June *pro se*, after the court accepted his waiver of his right to counsel.

A

It is well settled in this circuit that codefendants who are indicted together should be tried together. *See*, *e.g.*, *United States v. Lopez*, 979 F.2d 1024, 1035 (5th Cir. 1992). This general rule is often cited. *See*, *e.g.*, *Zafiro v. United States*, 506 U.S. 534, 537 (1993); *United States v. Mikolajczyk*, 137 F.3d 237, 240 (5th Cir. 1998).[2] "Joinder is the rule rather than the exception." *Mikolajczyk*, 137 F.3d at 240 (citing *United States v. Chagra*, 754 F.2d 1186, 1188 (5th Cir. 1985)). A district court should grant a severance only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reasonable judgment about guilt. *United States v. Neal*, 27 F.3d 1035, 1045 (5th Cir. 1994) (citing *Zafiro*, 506 U.S. at 539). In deciding a motion for severance, the court balances the potential prejudice to the defendant against the public interest in joint trials where the case against each

---

[2]"In *Zafiro* the Court held:

> There is a preference in the federal system for joint trials of defendants who are indicted together. Joint trials play a vital role in the criminal justice system. They promote efficiency and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts. For these reasons, we repeatedly have approved of joint trials.

*United States v. Cortinas*, 142 F.3d 242, 252 n.4 (5th Cir. 1998) (Fitzwater, J., dissenting in part) (quoting *Zafiro*, 506 U.S. at 537 (citations and internal quotation marks omitted)).

defendant arises from the same general transactions. *United States v. Berkowitz*, 662 F.2d 1127, 1132 (5th Cir. Unit B Dec. 1981). A defendant must demonstrate that he will receive an unfair trial and suffer compelling prejudice against which the court will be unable to afford protection. *See United States v. Piaget*, 915 F.2d 138, 142 (5th Cir. 1990) (per curiam).

B

The only prejudice Oliver identifies in being tried jointly with his codefendants is that of the surprise caused by statements of one of his codefendants, presumably an out-of-court confession of guilt that will be admitted at trial against this codefendant. Oliver does not identify who this codefendant is. At this point in the criminal proceedings, the only other defendant who awaits trial besides Oliver is Pamela Sowels ("P. Sowels").[3] Oliver does not cite, and the court is unaware of, any confession of P. Sowels that would implicate Oliver in the offenses for which he is charged. Moreover, that P. Sowels may make a statement at trial that causes Oliver surprise does not establish sufficient prejudice to warrant granting a severance.

Oliver has failed to meet his burden of demonstrating that there is a serious risk that a joint trial will compromise a

---

[3]The other remaining defendant, Brian Goodlow ("Goodlow"), is scheduled to plead guilty. But even if he does not enter a plea, the court would still deny the motion to sever. As with P. Sowels, the court is unaware of any confession of Goodlow that would implicate Oliver in the offenses for which he is charged.

specific trial right or prevent the jury from making a reasonable judgment about guilt.  The court therefore denies Oliver's motion to sever.

II

*Motion for Discovery and Inspection*

Oliver moves the government to disclose and produce, and to permit him to inspect, copy, photograph, and/or photocopy, eight categories of evidence: (1) statements of Oliver; (2) Oliver's criminal record; (3) coconspirator and codefendant statements; (4) informant information; (5) government communications with Oliver; (6) witness statements (24 hours before the witness testifies); (7) statements of individuals who will not be witnesses; and (8) electronic surveillance concerning Oliver.  The government responds that it has already produced and will continue to produce all of the requested discovery, with the exception of statements of individuals who will not be witnesses.  The government contends that it has no obligation to deliver witness statements of individuals who will not testify at trial.

To the extent the government has agreed to the relief Oliver requests, the motion is denied as moot, provided that, if the government has not yet delivered this information, it must do so no later than the deadline specified *infra* at § IX.  Because Oliver has failed to provide authority supporting the government's obligation to provide witness statements for individuals who will

not testify at trial, the court denies his motion with respect to this category of information. In denying this component of the motion, however, the court expects the government to produce a statement of a person who will not be a trial witness if required to do so under *Brady v. Maryland*, 373 U.S. 83 (1963), or *Giglio v. United States*, 405 U.S. 150 (1972).

III

*Motion for* Brady *and* Giglio *Material*

Oliver moves under *Brady* and *Giglio* for the production of all evidence in the possession of the government or its agents that tends to exculpate Oliver and to impeach a government witness. The government responds that it has complied with its obligations under *Brady* and *Giglio* and will continue to comply. To the extent the government has not delivered to Oliver all *Brady* and *Giglio* material in its possession, it must comply with these obligations no later than the deadline specified *infra* at § IX. Otherwise, Oliver's motion for *Brady* and *Giglio* material is denied as moot.

IV

*Motion for Notice of Intent to
Introduce Rule 404(b) Evidence of
other Crimes, Wrongs, or Acts*

Oliver moves the court to order the government to give notice of its intent to use at trial evidence of other crimes, wrongs, or acts covered by Fed. R. Evid. 404(b). The government has already notified Oliver that it intends to introduce evidence that Oliver

and codefendant Albert Henson, Jr. engaged in a fraudulent federal income tax scheme for the tax year of 2006. The government intends to offer this evidence under Rule 404(b) to establish intent, plan, and knowledge. To the extent the government intends to introduce this evidence of Rule 404(b), Oliver's motion is denied as moot. To the extent the government intends to introduce other evidence of Rule 404(b) acts, the court grants Oliver's motion and orders the government to provide the notice required by Rule 404(b) no later than the deadline specified *infra* at § IX.

V

*Motion to Disclose Grand Jury Proceeding*

Oliver moves under Fed. R. Crim. P. 6(e)(3)(E)(ii) to obtain the minutes of the grand jury proceedings that resulted in his being indicted. Rule 6(e)(3)(E)(ii) authorizes the court to disclose a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." "[A] court called upon to determine whether grand jury transcripts should be released necessarily is infused with substantial discretion." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 223 (1979). A defendant seeking to obtain the record of his grand jury proceedings must "show that a particularized need exists for the materials[.]" *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993) (quotation marks omitted); *see also Izen v. Catalina*, 256 F.3d 324,

329-30 (5th Cir. 2001) ("[A] district court may properly order release of grand jury materials where a party demonstrates with particularity a compelling necessity for the materials." (internal quotation marks omitted)).

Oliver maintains that he can show governmental misconduct on the basis that the federal agents who testified at his suppression hearing did not make arrest reports or write rough draft notes concerning the arrest, pursuant to Rule 26.2(f)(3). He asks for disclosure of the grand jury minutes so that he can determine what the agents testified about and what the grand jury relied on in indicting him.[4]

Even assuming that the federal agents who arrested Oliver failed to draft arrest reports or write notes about the arrest, *and* that one or more of these same agents testified before the grand jury, Oliver appears to be engaged in nothing more than a fishing expedition in seeking disclosure of their grand jury testimony. The premise of Oliver's argument appears to be this: if an agent did not draft an arrest report or write rough draft notes about the arrest, his testimony before the grand jury would have been unreliable, resulting in an indictment that the grand jury should

---

[4]Notably, if an agent who testifies at trial also testified before the grand jury, Oliver will be entitled to a copy of that testimony under the procedures specified in the Jencks Act. Disclosure of Jencks Act materials will be made under the procedures set out below. Oliver does not need disclosure of grand jury minutes to obtain disclosure of these witnesses' grand jury testimony.

not have returned against him. This is a purely speculative assertion that is insufficient to show that a particularized need exists for the material. The court therefore denies Oliver's motion.

VI

*Motion to Strike Pursuant to Fed. R. Crim. P. 7(d)*

Oliver moves *pro se* under Rule 7(d) to strike paragraph Nos. 1-3 of the indictment as surplusage. He also contends that these paragraphs are inflammatory and unduly prejudicial.

"The purpose of [Rule] 7(d) is to protect the defendant against prejudicial allegations of irrelevant or immaterial facts." 1 Charles Alan Wright et al., *Federal Practice and Procedure* § 128, at 641 (4th ed. 2008). Paragraphs Nos. 1-3 are neither prejudicial nor irrelevant or immaterial. They are not prejudicial because they do not allege any criminal conduct, and they do no more than describe the background of the Texas Workforce Commission ("TWC") and how unemployment insurance benefits are paid to claimants. They are neither irrelevant nor immaterial because they provide background information on the workings of the TWC and its genesis in the Social Security Act of 1935. The fraudulent scheme alleged in the indictment relies substantially on defendants' dealings with the TWC. Although the first three introductory paragraphs of the indictment do not allege any criminal conduct, they may assist the jury in understanding the nature of the charges of mail fraud,

conspiracy to commit mail fraud, and theft of public money alleged in the indictment. The court therefore denies Oliver's motion to strike paragraph Nos. 1-3 of the indictment.

VII

*Motion to Produce for Inspection*

Oliver moves the court to inspect the "laptop and the cardboard box etc[.]" for fingerprints. He also moves for any data inspection of the laptop. Oliver states that he wants to send the laptop for fingerprinting, if the government has not done so.

Oliver's request for inspection of any item other than the laptop and the cardboard box (i.e., his reference to "etc[.]") is insufficiently specific to warrant granting relief. Accordingly, the court will address only the laptop and the cardboard box.

Oliver asks that he be able to send the laptop for fingerprinting, if the government has not done so. The court therefore assumes that Oliver's request would be satisfied if the government caused the laptop and the cardboard box to be fingerprinted, and the government in turn disclosed to Oliver (1) whether any identifiable latent fingerprints were taken or lifted from the laptop and the cardboard box and, if so (2) whether any such prints matched or failed to match Oliver's fingerprints.

Accordingly, the court grants Oliver's motion to the extent of directing the government—if it has not done so already—to cause the laptop and the cardboard box to be fingerprinted. After the

laptop and the cardboard box are fingerprinted (or if they have already been fingerprinted), the government must advise Oliver no later than the deadline specified *infra* at § IX whether any prints match or fail to match Oliver's fingerprints. The court also grants Oliver's motion to the extent that the government must also comply with its obligations under *Brady* and *Giglio*. To the extent Oliver requests greater relief, his motion is denied.

Regarding Oliver's request for a data inspection of the laptop, the court directs that, no later than the deadline specified *infra* at § IX, the government must produce to Oliver an exact duplicate (mirror image) of the original hard drive and any seized computer data storage devices, and it must provide a laptop computer to the Warden of the facility where Oliver is detained so that, under such reasonable conditions as the Warden imposes, Oliver can review the contents of the exact duplicate (mirror image) of the original hard drive and any seized computer data storage devices. Alternatively, if the government is incapable of providing an exact duplicate (mirror image) of the original hard drive and any seized computer data storage devices, it may permit Oliver, no later than the deadline specified *infra* at § IX, to inspect the laptop computer hard drive and any data storage devices in question. This inspection must be conducted under such conditions as the government may reasonably impose to ensure the integrity of the original hard drive and data storage devices in

the condition they were in when seized.  If the government follows this option, it must produce them for inspection by the deadline specified *infra* at § IX.  To the extent Oliver requests greater relief, his motion is denied.

VIII

*Motion to Produce Pursuant to Rule 26.2*

Oliver moves pursuant to Rule 26.2(a) for the production of any statements made by witnesses whom the government intends to call at trial.  The court grants the motion.

Rule 26.2(a) provides that such disclosure shall be made after the witness has testified on direct examination.  In this district, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed earlier than the Act or Rule 26.2(a) requires, i.e., at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness.  Therefore, the court orders the government to comply with Rule 26.2 no later than the business day preceding the date on which Oliver will begin his cross-examination of the witness whose statement is being produced.

## IX

Except to the extent the Jencks Act or Rule 26.2(a) permits later disclosure, the government must comply no later than June 30, 2008 at 4:00 p.m. with the obligations imposed by this memorandum opinion and order.

**SO ORDERED.**

June 23, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE