IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:07-CR-380-D |
| | § | |
| LONNIE OLIVER, JR., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver"), now proceeding *pro se*, moves the court for release pending trial and for relief based on Rule 44 and the right to appointment of counsel. The court denies both motions.

I

The background facts to Oliver's motion for release pending trial are set out in the court's December 21, 2007 memorandum opinion and order, in which the court denied Oliver's December 18, 2007 motion for reconsideration of bail, and they need not be repeated at length. *See United States v. Oliver*, 2007 WL 4480659, at *1 (N.D. Tex. Dec. 21, 2007) (Fitzwater, C.J.) ("*Oliver I*").

Oliver contends that he was deprived of effective assistance of counsel at his detention hearing because his former appointed counsel failed to investigate any matter before the hearing, failed to present any rebuttal information, and failed to consult with him. Oliver has not established that he is entitled to relief on what is essentially a motion to reconsider the court's decision in

*Oliver I*.

Oliver argues that 18 U.S.C. § 3142(f)(2)(B) is an improper ground for detaining him pending trial. But neither the magistrate judge nor the court relied on § 3142(f)(2)(B) as the basis for Oliver's detention. *See Oliver I*, 2007 WL 4480659, at *1.

Oliver complains that the court's detention ruling rests on the false testimony of Special Agent Heather McReynolds ("Agent McReynolds"). At the detention hearing, Agent McReynolds testified about what Oliver told her during a custodial interview of Oliver. Oliver asserts that Agent McReynolds later testified at Oliver's suppression hearing that she did not personally speak with him during the custodial interview and that she and Oliver did not see eye to eye. Oliver mischaracterizes Agent McReynolds' suppression hearing testimony. Specifically, Agent McReynolds testified that she *did* speak with Oliver during the custodial interrogation, but that she departed the interview early because she believed her presence aggravated Oliver, i.e., that she and Oliver did not see eye to eye.

Last, Oliver posits that the federal officers who arrested him unnecessarily delayed bringing him before a magistrate judge, in violation of Fed. R. Crim. P. 4(b)(1)(C) and 5(a)(1)(A). As the only example of such delay, Oliver points out that the arresting officers brought him first to his house before going to the police station. The suppression hearing evidence established, however,

that, following Oliver's arrest, the arresting officers gave Oliver the option of going immediately to the police station or returning to his house, and Oliver chose to return to his house to speak with federal agents.

II

Oliver's motion pursuant to Rule 44 and the right to appointment of counsel focuses on the events surrounding Oliver's arrest and confession. Rule 44(a) provides that a defendant is entitled to counsel "at every stage of the proceeding from initial appearance through appeal[.]" Oliver also cites cases interpreting the Sixth Amendment right to counsel, which "attaches 'at or after the initiation of adversary judicial proceedings against the defendant.'" *Styron v. Johnson*, 262 F.3d 438, 447 (5th Cir. 2001) (quoting *United States v. Gouveia*, 467 U.S. 180, 187 (1984)). Oliver has not shown that the events about which he complains—not having an attorney present during his custodial interrogation— occurred after proceedings covered by Rule 44(a) had been commenced against him. He has therefore failed to establish a violation of Rule 44 or his Sixth Amendment right to counsel.

Oliver also complains that his Fifth Amendment right to counsel was violated because he refused to sign the waiver portion of the *Miranda* form before he made his oral confession. But as the court made clear in its suppression ruling, "[t]he fact that Oliver refused to sign the "Waiver" portion of the Form 1067 does not

preclude a finding that he voluntarily waived his Fifth Amendment rights[.]" *United State v. Oliver*, 2008 WL 1849010, at *5 (N.D. Tex. Apr. 25, 2008) (Fitzwater, C.J.) (relying on numerous Fifth Circuit opinions). The court later found that "Oliver voluntarily waived his Fifth Amendment rights before agents questioned him." *Id.* Oliver's Fifth Amendment arguments are without merit.

Last, Oliver points to the delay in his presentment before a magistrate judge and invokes the *McNabb-Mallory* rule. The *McNabb-Mallory* rule "generally render[s] inadmissible confessions made during periods of detention that violated the prompt presentment requirement of Rule 5(a) of the Federal Rules of Criminal Procedure." *United States v. Alvarez-Sanchez*, 511 U.S. 350, 354 (1994). 18 U.S.C. § 3501 codifies the *McNabb-Mallory* rule. *See United States v. Cherry*, 759 F.2d 1196, 1201 n.5 (5th Cir. 1985). "Section 3501(c) provides that a confession made by a person *within six hours* following his arrest or other detention 'shall not be inadmissible' solely because of delay in presenting the person to a federal magistrate." *Alvarez-Sanchez*, 511 U.S. at 354-55 (emphasis added). In his motion, Oliver states that he was arrested at 2:40 p.m. At the suppression hearing, Postal Inspector Marcus C. Ewing testified that the custodial interview with Oliver started at around 3:00 p.m. and went on for two hours, ending around 5:00 p.m. Special Agent Steven Grell testified that the interview with Oliver went only 1½ hours. The Form 1067 that

Oliver signed acknowledging his *Miranda* rights indicates that the interview began at 3:06 p.m.  Because Oliver's confession fits within the six-hour safe harbor of § 3501(c), the confession is not inadmissible on the basis of his arresting officers' delay in presenting him before a magistrate judge.  Moreover, the only delay Oliver cites is the detour to Oliver's house, to which Oliver consented.  *See supra* § I.

\*    \*    \*

The court therefore denies Oliver's July 1, 2008 motion for release pending trial and his July 7, 2008 motion pursuant to Rule 44 and the right to appointment of counsel.

**SO ORDERED.**

July 8, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE