IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:07-CR-380-D |
| VS. | § | |
| | § | |
| LONNIE OLIVER, JR. (1), | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver") moves the court under Fed. R. Crim. P. 12(d) to set out its essential findings of fact with respect to his motion to suppress and his motion to reconsider the court's denial of his motion to suppress. The court denies the motion.

Rule 12(d) provides, in relevant part, that "[w]hen factual issues are involved in deciding a motion, the court must state its essential findings on the record." Rule 12(d) is analogous to Rule 23(c) in the sense that it requires the court to make specific findings when deciding fact issues. Rule 23(c) provides that "[i]n a case tried without a jury, the court must find the defendant guilty or not guilty. If a party requests before the finding of guilty or not guilty, the court must state its specific findings of fact in open court or in a written decision or opinion." This court interprets Rule 12(d) to permit it to follow the procedure specified in Rule 23(c), that is, to "state its essential findings on the record" by means of "a written decision or opinion." The function of the fact-finding requirement in both rules is to facilitate appellate review. *See United States v. Moore*, 936 F.2d 287, 289 (6th Cir. 1991) (per curiam) (addressing Rule 12(e), which has been renumbered as Rule 12(d)) ("Essential findings on the record are necessary to facilitate appellate review." (citing *United States v. Prieto-Villa*, 910 F.2d 601, 610 (9th Cir. 1990))). This function is adequately served when the

court "state[s] its essential findings" in "a written decision or opinion." The court has filed two pertinent memorandum opinions in this case that satisfy the requirement of Rule 12(d) that the court "state its essential findings on the record." *See United States v. Oliver*, 2008 WL 2811313 (N.D. Tex. July 22, 2008) (Fitzwater, C.J.); *United States v. Oliver*, 2008 WL 1849010 (N.D. Tex. Apr. 25, 2008) (Fitzwater, C.J.). Moreover, "[w]hile helpful to appellate review, Rule 12(e) [now renumbered as Rule 12(d)] does not require detailed findings of facts as long as the essential basis of the court's decision is apparent." *United States v. Toro-Pelaez*, 107 F.3d 819, 824 (10th Cir.1997) (citing *United States v. Comosona*, 614 F.2d 695, 697 (10th Cir. 1980); 8 *Moore's Federal Practice* § 12.04[1], at 12-44 to -45 (1996)).

Therefore, the court denies Oliver's August 25, 2008 motion pursuant to Rule 12(d).

**SO ORDERED**.

August 26, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE