```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

UNITED STATES OF AMERICA,       §
                                §
          Plaintiff,            §
                                §
VS.                             §   Criminal No. 3:07-CR-380-D
                                §
LONNIE OLIVER, JR.,             §
                                §
          Defendant.            §
```

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver") moves for a psychiatric or psychological examination in support of motions for downward departure. For the reasons that follow, and in the exercise of its discretion, the court denies the motion.

Oliver moves the court to order that he be evaluated by a psychiatrist or psychologist who can testify at his sentencing hearing, enabling him to present evidence in support of a request for a downward departure under U.S.S.G. § 5K2.13, based on diminished capacity. The fundamental premise of Oliver's rather conclusory motion appears to be that the following events in his life (and other unspecified events) diminished his capacity, causing him to listen to the scheme of codefendant Albert Henson, Jr.: at a time when his wife was developing a uterine tumor that was possibly cancerous, his son was stillborn in 2005; in October 2007 his wife gave birth to premature twins, requiring significant medical care for his wife and children, and causing Oliver to believe he needed money for these medical expenses; and, at an

unspecified earlier time, Oliver's brother was killed by a nephew.

As Oliver recognizes in his motion, a downward departure under U.S.S.G. § 5K2.13 requires "significantly reduced mental capacity." According to the application note, "'Significantly reduced mental capacity' means the defendant, although convicted, has a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S. Sentencing Guidelines Manual § 5K2.13 cmt. n.1 (Nov. 1, 2008). Oliver's motion fails, however, to provide the court a sufficient basis to conclude that a psychiatric or psychological examination is warranted for the purpose of evaluating whether he suffered from a significantly reduced mental capacity. Oliver does not suggest that he had a significantly impaired ability to understand that his behavior was wrong or that he lacked the ability to exercise the power of reason, so part (A) of the definition does not apply. And while Oliver suggests that he engaged in criminal behavior due to financial and other unspecified factors, he has failed to make a sufficient showing—at least to warrant the examination he requests—that he had a significantly impaired ability to control behavior that he knew was wrongful. Therefore, he has failed to make an adequate showing under part (B) of the definition.

The court concludes, in the exercise of its discretion, that

it is unnecessary, and that it would be a cause of unwarranted delay in sentencing, to order a psychiatric or psychological examination on so thin a showing as Oliver has made. The factors that Oliver cites, while unfortunate, are not infrequently encountered by defendants whom this court sentences. Defendants who commit financial crimes are sometimes motivated by adverse financial conditions. And they sometimes experience unfortunate family circumstances before and during the time they are engaging in criminal conduct. The court can adequately fashion a sentence that is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2), without considering the evaluation of a psychiatrist or psychologist.

Moreover, Oliver pleaded guilty on July 14, 2008, over six months ago, and only filed this motion on January 16, 2009, two weeks before the sentencing hearing. Although Oliver's present counsel was not appointed until November 19, 2008, there was ample time to file a motion——assuming the required showing could ever be made——at a time that would not have unduly delayed the sentencing hearing.

* * *

Accordingly, the court denies Oliver's January 16, 2009 motion for psychiatric or psychological examination in support of motions for downward departure.

**SO ORDERED.**

January 28, 2009.

                                                _____
                                                SIDNEY A. FITZWATER
                                                CHIEF JUDGE