IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff, | § § § | Criminal No. 3:07-CR-380-D |
| VS. | § § | |
| LONNIE OLIVER, JR. (1), | § § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Lonnie Oliver, Jr. ("Oliver") moves the court for release pending appeal. The court denies the motion for the reasons that follow. *See* Fed. R. App. P. 9(a)(1) and (b).[1]

18 U.S.C. § 3143(b) provides that a defendant who has been found guilty of an offense and sentenced to a term of imprisonment *shall* be detained unless the judicial officer finds, *inter alia*, that the appeal raises a substantial question of law or fact.[2] A substantial question of law or fact is one that is nonfrivolous and novel, raising substantial doubt as to the outcome of its resolution, with the defendant required to show that a contrary appellate ruling would more probably than not result

---

[1] Under Rule 9(b), the court must comply with the requirements of Rule 9(a). Rule 9(a)(1) provides, in pertinent part, that the court must state in writing the reasons for an order regarding the detention of a defendant in a criminal case.

[2] For purposes of deciding this motion, the court will assume *arguendo* that the other elements of § 3143(b) are irrelevant, i.e., that Oliver does not pose a danger to the community, is not prosecuting this appeal for purposes of delay, and does not present a risk of flight. If the court were to reach these factors, however, it might also conclude that one or more of them support denying release while his appeal is pending. Specifically, in a memorandum opinion and order filed December 21, 2007, the court ordered that Oliver be detained without bail pending trial, pursuant to 18 U.S.C. § 3142(e), after finding by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community if Oliver were released on bond. The court would consider this factor anew if it were not denying his motion for other reasons.

in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. *See* § 3143(b)(1)(B)(i)-(iv); *United States v. Valera-Elizondo*, 761 F.2d 1020, 1022-25 (5th Cir. 1985).

Oliver maintains that the denial of his motion to suppress presents a substantial question of law or fact. He also contends that he received ineffective assistance of counsel during the plea process, an argument he continues to make despite the fact that he was proceeding *pro se* at that time. The court has thoroughly considered these arguments before and is confident that none of them presents a substantial question of law or fact.

\* \* \*

Oliver's April 17, 2009 motion for release pending appeal is denied.

**SO ORDERED**.

April 17, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE